# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:06-cv-00208-W

| | |
|---|---|
| WILLIAM DAVID WRIGHT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | ORDER |

THIS MATTER is before the Court pursuant to the Motion to Dismiss filed by the Government-Respondent (Doc. No. 5), filed July 18, 2006, and Petitioner William Wright's Response in Opposition to the motion (Doc. No. 7), filed August 7, 2006. Also, before the Court is Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. No. 2). For the reasons stated herein, the Court GRANTS both motions.

BACKGROUND

On September 10, 2002, William David Wright ("Petitioner") was charged by a three-count bill of indictment to the following: (1) possession with intent to distribute marijuana in violation of 21 U.S.C. § § 841 and 851 ("Count One"); (2) using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Two"); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § § 922(g)(1) and 924(e) ("Count Three"). On May 15, 2003, Petitioner, "in person and through counsel," entered into a plea agreement with the Government, wherein he agreed to plead guilty to Counts Two and Three of the indictment and admitted to "being in fact guilty as charged in those Counts." (Doc. No. 18 in case number 3:02-cr-00219, filed May 15, 2003; hereinafter "Plea Agreement"). By entering into the plea agreement,

Petitioner acknowledged the potential sentences he faced, agreed that if he qualified as an armed career offender that he would be subject to an enhanced punhisment, and waived all rights to contest his conviction or sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. (See Plea Agreement, ¶ ¶ 3, 16).

On May 27, 2003, Petition and his counsel appeared before Magistrate Judge Carl Horn III for a Rule 11 hearing, where Magistrate Judge Horn advised Petitioner, among other things, of the maximum sentences he faced, his waivers, and the essential elements to the offenses to which he pled guilty. ( Doc. No. 19 in case number 3:02-cr-00219, filed May 27. 2003; hereinafter "Entry and Acceptance of Guilty Plea"). During the Rule 11 hearing, Petitioner, under oath, acknowledged the terms of his plea agreement (including all waivers therein), acknowledged his guilty plea was knowing and voluntary, acknowledged that he was satisfied with the services of his attorney, and acknowledged that he understood and agree to the terms of the Plea Agreement.

After receiving and reviewing the Presentence Report prepared by the Probation Office, Petitioner made no objections. Subsequently, based on Petitioner's substantial assistance to the Government and pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), the Government filed a Motion for Downward Departure to reduce Petitioner's offense level by five (5) points. (Doc. No. 35 in case number 3:02-cr-00219; hereinafter "5K1.1 Motion"). At sentencing, the Court adopted the PSR and guideline applications without change, granted the Government's 5K.1.1 Motion, and sentenced Petitioner to a total of 180 months in prison (120 months' imprisonment on Count Three, plus the statutory minimum of five years on Count Two to run consecutively to the sentence imposed on Count Three).

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738

(1967), concluding that there were no meritorious grounds for appeal, nevertheless, challenging the district court's conclusion that Petitioner was an armed career criminal. Petitioner submitted several pro se filings directly to the Fourth Circuit in support of his appeal. On March 20, 2006, the Fourth Circuit Court of Appeals, in an unpublished opinion, affirmed Petitioner's conviction and sentence, specifically holding "that the district court did not plainly err in concluding that [Petitioner] qualified as an armed career criminal that his sentence does not violate the Sixth Amendment." United States v. William David Wright, No. 04-4462, slip op. at 3 (4th Cir. March 20, 2006).

On May 8, 2006, Petitioner filed the pending Motion to Vacate pursuant to 28 U.S.C. § 2255 setting forth five claims he contends justify vacating his present sentence: (1) Petitioner's guilty plea was involuntary because of ineffective assistance of counsel; (2) Petitioner was denied procedural due process by the method the Court used to sentence him; (3) Petitioner was denied procedural due process because, by pleading guilty, he did not authorize an enhanced sentence at level 34; (4) Petitioner was denied effective assistance of counsel during the plea, sentencing, and appellate process; and (5) Petitioner's agreement to waive his appellate rights violates his Sixth Amendment rights pursuant to Blakely and Booker. In addition to answering the petition (Doc. No. 4), the Government filed a motion to dismiss Petitioner's motion (Doc. No. 5). In response to the Government's motion, the Court issued an order advising Petitioner to submit evidence, including affidavits or declarations, in support of his position within thirty days from the Court's order. Petitioner timely responded to the motion to dismiss (Doc. No. 7), but submitted no evidence, affidavits, or declarations in support of his response. The time for Petitioner to submit such evidence has expired, and this matter is now ripe for ruling.

ANALYSIS

The Government first argues that Petitioner is procedurally barred from relief under 28 U.S.C. § 2255 on all of his claims. It is well-settled that issues previously decided on direct appeal from conviction cannot be recast in the form of a § 2255 motion. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004), cert. denied, 546 U.S. 810 (2005); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that defendant cannot relitigate issues previously rejected on direct appeal); see also Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974); Sanders v. United States, 373 U.S. 1,18 (1963); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"); United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989).

In addition to counsel's Anders brief challenging Petitioner's armed career criminal status, Petitioner filed three *pro se* supplemental briefs with the Fourth Circuit, the first of which asserted: his sentence was illegal pursuant to Blakely; his sentence was improper for convictions under 18 U.S.C. §§ 924(c) and 924(g)(1); the court erroneously interpreted his plea agreement at the Rule 11 hearing; the district court erred in applying an enhancement under § 2K2.1(b)(5); and the waiver of appeal provision of his plea agreement was unconstitutional. (See Exhibit B to Government's Motion (Doc. No. 5)). In his second and third *pro se* briefs, Petitioner challenged his sentencing as an armed career criminal. (See Exhibits C and D to Government's Motion (Doc. No. 5)).

The Fourth Circuit affirmed the district court's finding that Petitioner qualified as an armed career criminal and also affirmed that Petitioner's sentence did not violate the Sixth Amendment. United States v. William David Wright, No. 04-4462, slip op. at 3 (4th Cir. March 20, 2006). In

ruling on Petitioner's pro se claims, the Fourth Circuit found all claims raised in Petitioner's supplemental briefs "to be without merit." Id. With the exception of the ineffective assistance of counsel claim (Counts One and Four in the Petition), the issues raised in Petitioner's Motion to Vacate pursuant to § 2255 are identical to those raised before and ruled on by the Fourth Circuit Court of Appeals. Consequently, the Fourth Circuit's decision bars subsequent review of Petitioner's claims by this Court.

Additionally, Petitioner waived several rights in his plea agreement, including his right to attack his conviction and sentence in a post-conviction proceeding, including a collateral attack under 28 U.S.C. § 2255. Such a waiver is enforceable long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

Based on the Petitioner's Plea Agreement, his signature on the Entry and Acceptance of Guilty Plea, and the finding by the Fourth Circuit that his challenge to the validity of his guilty plea was without merit, Petitioner knowingly and voluntarily waived his right to attack his conviction or sentence in any collateral proceeding, including a motion under 28 U.S.C. § 2255. (See Plea Agreement ¶ ¶ 12-19). Therefore, his attack on his guilty plea and his claims of an erroneous sentence are barred from consideration under 28 U.S.C. § 2255.

Finally, turning to Petitioner's claims of ineffective assistance of counsel, the Government argues Petitioner has failed to meet his burden of proof. In order to prevail on a claim of ineffective assistance of counsel pursuant to § 2255, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. Strickland v. Washington, 466

U.S. 668, 687-88 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. See id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540, 543 (4th Cir. 1977). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 at 1290 (citing Strickland, 466 U.S. at 697).

More critically, in the context of a guilty plea, as herein, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); accord Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields, 956 F.2d 1297. Based on the facts of record and relevant case law, Petitioner fails to meet the burden required to establish his claims of ineffective assistance of counsel.

Petitioner claims that his attorney failed to adequately advise him about whether Petitioner should plead guilty or proceed to trial, that his guilty plea was based on his understanding from counsel that Petitioner had nothing to lose by pleading guilty, and therefore his guilty plea was a voluntary and intelligent choice of the courses of action available to him. Petitioner further contends that counsel failed to investigate the facts, circumstances, and the laws involved in Petitioner's case,

failed to investigate the prior convictions that qualified Petitioner as an armed career criminal, failed to object to an increase in Petitioner's sentence based on facts not charged in the indictment, and failed to object to an increase in Petitioner's sentence based on false and unreliable information presented to the Court.  Based on these allegations of ineffectiveness, Petitioner concludes that absent counsel's alleged ineffectiveness, Petitioner would have been "sentenced only for Count Two or Three, with only a mandatory minimum of 5 years." (Petitioner's Response, Doc. No.  ¶ 8.)

Likewise, Petitioner speculates that "even after a possible trial, he would have then possibly been eligible for an imprisonment range of 100-125 months according to the sentencing guidelines." (Id.)  Finally, Petitioner alleges that on direct appeal his attorney failed to argue that Petitioner's sentence violated Petitioner's Fifth Amendment "right to Due Process of Law," (id. ¶ 24), failed to argue that Petitioner's sentence violated Petitioner's "Sixth Amendment right to notice and [a] jury trial," (id. ¶ 25), and failed to subsequently challenge Petitioner's sentence pursuant to Booker, (id. ¶ 11).  Petitioner also speculates that had his attorney raised a Booker challenge, the Fourth Circuit would probably have vacated and remanded his case to the district court for further consideration. (Id. ¶ 11.)

Petitioner, however, provides no evidence to support his claims of deficient performance in either his Motion to Vacate or in his supporting Memorandum.  In fact, during Petitioner's Rule 11 hearing, Petitioner affirmatively indicated that he was satisfied with his attorney's performance and made a complimentary comment on the record regarding his attorney.  (See Entry and Acceptance of Guilty Plea ¶ 31).  More importantly, Petitioner failed to provide any evidence, affidavits, declarations, or otherwise, notwithstanding this Court's order directing him to do so.  Indeed, it appears that Petitioner is attempting to circumvent his wavier of collateral attach of his conviction

and sentence by framing his issues as ineffective assistance of counsel. This, he cannot do. See United States v. Djelevic, 161 F.3d 104, 107 (2nd Cir. 1998) (a § 2255 petitioner may not avoid the effect of this forfeiture of collateral attack rights by "dress[ing] up" his sentencing challenges as purported violations of the Sixth Amendment).

Moreover, the facts of record verify that Petitioner's attorney was very successful in negotiating a plea agreement favorable to Petitioner and assisting Petitioner in obtaining the benefit of a downward departure motion filed by the Government. In return for Petitioner's plea of guilty to Counts Two and Three, the Government agreed to dismiss Count One which charged Petitioner with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 851. Had Petitioner been convicted of this violation, he would have been subject to a mandatory sentence of life imprisonment. Instead, his guideline sentencing range for Counts Two and Three was 248 to 295 months in prison, which was further reduced to a guideline range of 151 to 188 months based on the Government's 5K1.1 Motion for downward departure. The Court granted the Government's 5K1.1 Motion and sentenced Petitioner to a total of 180 months' imprisonment, a sentence far below life imprisonment and also well below the range of 248 to 295 months. Therefore, Petitioner cannot possibly demonstrate that his sentence is fundamentally unfair or unreliable. Consequently, Petitioner has failed to meet his burden, and therefore his claims of ineffective assistance of counsel fail.

CONCLUSION

For the reasons stated herein, IT IS, THEREFORE, ORDERED that the Government's Motion to Dismiss (Doc. No. 5) is GRANTED. Additionally, for the reasons stated in the Motion

for Leave to Proceed *in forma pauperis* (Doc. No. 2), Defendant's Motion to so proceed is GRANTED.

    IT IS SO ORDERED.

Signed: September 19, 2007

Frank D. Whitney
United States District Judge